# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-3978

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas |
| Michael Chambliss, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  July 28, 2000

Filed:  August 3, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

In 1992, Michael Chambliss was sentenced to ninety-one months imprisonment
and five years supervised release for drug conspiracy offenses.  He now appeals from
the final judgment entered in the District Court[1] for the Eastern District of Arkansas,
revoking his supervised release and sentencing him to eight months imprisonment and
thereafter to serve the remainder of his original supervised release term.  For reversal,

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the
Eastern District of Arkansas.

Chambliss argues that the imposition of supervised release following revocation and reimprisonment violates the Ex Post Facto Clause. For the reasons discussed below, we affirm the judgment of the district court.

According to the statute in effect at the time Chambliss committed the original offenses of conviction, the district court could revoke supervised release if it found he had violated a supervised release condition and require him "to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3) (1993). We construed § 3583(e)(3) to allow a district court, upon revoking a term of supervised release, to impose a revocation sentence consisting of both imprisonment and further supervised release. See United States v. Schrader, 973 F.2d 623, 625 (8th Cir. 1992). In 1994, Congress added subsection (h), which provides that, when supervised release is revoked and the defendant is required to serve a term of imprisonment less than the maximum term authorized under § 3583(e)(3), the court may include a requirement that the defendant be placed on supervised release after imprisonment. See 18 U.S.C. § 3583(h).

Although Chambliss argues that application of subsection (h) to him is an ex post facto violation, we conclude no ex post facto issue arises in this case. While this appeal was pending, the Supreme Court decided Johnson v. United States, 120 S. Ct. 1795, 1800-02 (2000), holding that § 3583(h) does not operate retroactively and applies only to cases in which the initial offense occurred after the amendment's effective date, September 13, 1994. Chambliss committed his offenses prior to 1994. The sentence imposed was permissible, however, because--as we held in Schrader and the Supreme Court affirmed in Johnson, see 120 S. Ct. at 1807--§ 3583(e)(3) has always allowed for the possibility of supervised release after imprisonment, and thus district courts applying § 3583(e) as it existed before subsection (h) was added have authority to impose terms of supervised release following reimprisonment.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.